**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHAUN ROY DILLON,

       Plaintiff,

 v.

ANDREW SAUL,

       Defendant.

3:20-cv-00294-CLB

**<u>ORDER</u>**

   This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Shaun Dillon's ("Dillon") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the court is Dillon's motion for reversal and/or remand. (ECF No. 17.) In this motion, Dillon seeks the reversal of the administrative decision and remand for an award of benefits. (*Id.*) The Commissioner filed a response and cross-motion to remand (ECF Nos. 21, 22), and Dillon filed a reply (ECF No. 23). The parties agree the case should be reversed and remanded, but disagree on whether the court should remand for further administrative proceedings or for payment of benefits. Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), the court concludes the Commissioner failed to carry the burden of production that Dillon could perform other types of substantially gainful work in the national economy. Therefore, the court grants Dillon's motion for reversal and remand for an award of benefits (ECF No. 17) and denies the Commissioner's motion for remand for further proceedings (ECF No 21).

///

///

///

## I. STANDARDS OF REVIEW

### A. Judicial Standard of Review

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.  Standards Applicable to Disability Evaluation Process

In determining disability, the ALJ, considers a five-step sequential evaluation process. The burden rests upon the claimant through the first four steps of this five-step process to prove disability, and if the claimant is successful at each of the first four levels, the burden shifts to the Commissioner at step five. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). First, the claimant must prove he is not currently engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities…." 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three the ALJ must conclude the claimant is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. At step four, the claimant bears the burden of proving he or she is incapable of meeting

the physical and mental demands of their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering claimant's residual functional capacity, age, education, and past work experience, that he or she is capable of performing other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.     CASE BACKGROUND

### A.     Procedural History

Dillon applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 9, 2013 with an alleged disability onset date of March 1, 2013. (Administrative Record ("AR") 230-36, 237-42.) The Commissioner denied the claim on October 15, 2013 (AR 140-44), and upon reconsideration (AR 152-57, 158-63). Dillon subsequently requested an administrative hearing on August 27, 2014. (AR 166-168.) Dillon appeared at a hearing before an ALJ on November 13, 2015. (AR 39-76.) Dillon received an unfavorable decision on February 26, 2016. (AR 16-38.) Dillon requested an Appeals Council review of the decision on (AR 228-29) and was denied review on August 1, 2017 (AR 1-9), whereupon the ALJ's decision became the final decision of the Commissioner.

Dillon then filed a civil action, and the court reversed and remanded the claim, finding the ALJ failed to consider the prescribed use of a cane, and failed to state clear and convincing reasons for finding Dillon's testimony uncredible regarding sitting limitations. *Dillon v. Berryhill*, 3:17-CV-00597-LRH-WGC, 2018 WL 3521403 (D. Nev. June 18, 2018), report and recommendation adopted, 2018 WL 3518456 (D. Nev. July 19, 2018) ("*Dillon* I"). This court decided it need not reach the issue regarding the obsolescence of work as an addresser. (AR 965-66.)

4

On remand, a hearing was conducted on February 5, 2020 (AR 883-930), and the ALJ gave an unfavorable decision on March 4, 2020, whereupon Dillon did not file an exception. (AR 883-930.) As a result, the decision of the ALJ became the final decision of the Commissioner on May 3, 2020, and Dillon filed a complaint for judicial review on May 19, 2020. (ECF No. 1.)

### B.    ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 850-82.) Ultimately, the ALJ disagreed that Dillon had been disabled from March 21, 2002, through the date of the decision. (AR 855.) The ALJ held that Dillon was unable to perform past relevant work as a construction worker, but based on Dillon's RFC, age, education, and/ work experience, he could perform a significant number of other jobs in the national economy. (*Id.*)

In making this determination, the ALJ started at step one. Here, the ALJ found Dillon had not engaged in substantial gainful activity March 21, 2002. (AR 856.) At step two, the ALJ found Dillon had the following severe impairments: back disorder, seizure disorder, neck disorder, chronic pain syndrome, hip disorder, morbid obesity, and depression. (AR 857.) At step three, the ALJ found Dillon did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. (*Id.*)

Next, the ALJ determined Dillon had an RFC to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(h) and 416.967(h) except:

> [Dillion] needs a cane to ambulate and he could never operate foot controls. He could occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. He could occasionally stoop, crouch and balance, but never kneel or crawl. He could occasionally be exposed to vibration, but never be exposed to temperature extremes, wetness, high humidity, and atmospheric irritants, such as dust, odors, fumes and gases. He could never work at exposed heights, but could occasionally work around moving machinery. He

could perform routine and repetitive work and he would be off task 5 percent of the workday.

(AR 858-59.)

At step four, based on this RFC, the ALJ found that Dillon would be incapable of performing past relevant as a construction worker in the national economy, which was given an exertion level of heavy.[1] (AR 867.)

At step five, the ALJ, accepted testimony of the vocational expert ("VE") and, found that an individual of Dillon's age, education, work experience, and residual functional capacity could perform work in the national economy. Specifically, the ALJ determined Dillon could perform the work of: (1) bench hand representing 8,000 jobs in the nation; (2) a cutter-and-paster representing 11,000 jobs in the nation; and (3) a table worker representing 1,100 jobs in the nation. (AR 868-69.) Accordingly, the ALJ held that Dillon had not been under a disability since March 21, 2002 and denied his claim. (*Id.*)

**III. ISSUE**

Dillon and the Commissioner agree the case should be remanded based on the inadequacy of the ALJ's step five analysis. Accordingly, the court will only address whether remand for further proceedings or for an award of benefits is proper.

**IV. DISCUSSION**

A. <u>Remand for Further Award of Benefits</u>

Both Dillon and the Commissioner agree that remand is appropriate in this case. (*See* ECF Nos. 17, 21.) "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985); *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (amended Feb. 5, 2016) ("The only issue on appeal is whether the district court abused its discretion in remanding

---

[1] Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. *See* 20 C.F.R. §§ 404.1567(d), 416.967(d).

6

for further proceedings instead of remanding for benefits."); *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990) (noting that the court has the "discretion to remand so that the Secretary may further develop the record").

Our case law precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (discussing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014). A district court may remand a case to an ALJ with instructions to award benefits only where all three prongs of the credit-as-true test are met. *Garrison*, 759 F.3d at 1020. Under that test, (1) the record must be fully developed, such that further administrative proceedings would serve no purpose; (2) the ALJ must have failed to articulate legally sufficient reasons for rejecting medical opinion evidence or claimant's testimony; and (3) if on remand the rejected evidence were credited as true, the ALJ would be required to find the claimant disabled. *Id.* Even in the "rare circumstances" where the test is satisfied, a court may find that remand for further proceedings is appropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

First, the court finds the record has been fully developed and further administrative proceedings would serve no useful purpose. The matter has already been remanded once after the court held the Commissioner failed to carry his burden at step five of the sequential evaluation process. *Dillon v. Berryhill*, 3:17-CV-00597-LRH-WGC, 2018 WL 3521403 at * 10 (D. Nev. June 18, 2018), report and recommendation adopted, 2018 WL 3518456 (D. Nev. July 19, 2018). In the case at bar, the ALJ was put on notice during the administrative hearing by Dillon's counsel that 20,100 jobs nationally were not a significant number to justify a finding of non-disability. (AR 929.) Ninth Circuit precedent is clear that when an ALJ finds fewer than 25,000 in the national economy, he must provide an explanation as to its sufficiency. *See Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 527-29 (9th Cir. 2014). Therefore, the ALJ had sufficient opportunity to inquire upon the vocational expert whether there were additional occupations in the national economy or to provide an explanation as to why this number of positions would be sufficient.

1       Additionally, this case is similar to a recent case from this district, *Halde v. Saul*, 2020 WL 4470445 (D. Nev. August 3, 2020). In *Halde,* the court held a remand for benefits was appropriate, opining the Commissioner should not have another opportunity to show that the claimant was not credible any more than the claimant should have another opportunity to remand should he have lost. *Id.* at *11. Remand for further proceedings is only appropriate where further development of the record is warranted. *Garrison*, 759 F.3d at 1021. However, this case has already been remanded once, Dillon's medical maladies are well documented, and further exposition would not aid an ALJ in his analysis.

       The second prong of the credit-as-true test is also satisfied, as the ALJ failed to provide any legally sufficient reason supported by substantial evidence that Dillon could perform other work in the national economy. (AR 856-69.)  The ALJ was noticed at the hearing that the number of jobs was at issue was only 20,100 based on the three positions identified by the vocational expert. (AR 929.)  However, the ALJ failed to provide any reasons in his opinion why he accepted 20,100 jobs as sufficient to support a finding of non-disability – even after Dillon's counsel pointed out that this was an insufficient number to satisfy the finding of disability. (AR 868-69, 929.)

       Lastly, the third prong of the credit-as-true test is also satisfied because if the evidence at step five, that there were only 20,100 jobs in the national economy were credited as true, the ALJ would be required to find Dillon disabled on remand.  (AR 869, 929.)  Furthermore, both parties agree that the occupation of cutter-and-paster should be removed because it is likely obsolete.  (ECF Nos. 17 at 14-18; 23 at 3.)  Removing cutter-and-paster leaves only 9,100 jobs in the national economy which is far below the 25,000-job threshold. *See Gutierrez*, 740 F.3d at 529; *see also Randazzo v. Berryhill*, 725 Fed. Appx. 446, 448 (9th Cir. 2017) (unpublished) (10,000 jobs was insufficient); *Lemauga v. Berryhill*, 686 Fed. Appx. 420, 422 (9th Cir. 2017) (12,600 jobs was insufficient); *Johnson v. Berryhill*, 2019 WL 21923113, at *3 (D. Nev. May 21, 2019) (23,271 jobs was *per se* insufficient).  The effect of removing cutter-and-paster therefore confirms the third element

of the credit-as-true test is met, and further supports the implication that an award of benefits is appropriate.

The standard for a remand for benefits is one of discretion by the court and is only appropriate in rare and exceptional cases. *Sprague*, 812 F.2d at 1232. However, the Commissioner does not get unlimited opportunities to correct harmful error at the cost of the claimant. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (an award of benefits is appropriate where equitable concerns about the length of time since claimant filed application justifies prophylactic action). In *Treichler*, the Ninth Circuit has specifically endorsed departing from the ordinary remand rule as a "prophylactic measure" to justify "equitable concerns about the length of time that had elapsed since the claimant had filed her application." *Treichler*, 775 F.3d at1100 (9th Cir. 2014). In *Vasquez v. Astrue*, the Ninth Circuit has applied the credit-as-true test due to a claimant's advanced age and "severe delay" of seven years in her application. *Vasquez v. Astrue*, 572 F.3d 586, 593-94 (9th Cir. 2009). Although Dillon is not necessarily at an advanced age, nearly eight years have elapsed since Dillon first applied for benefits in May 2031. Given this substantial delay, the Commissioner has had ample opportunity in that time to present availing reasons for a denial of benefits, if such a denial were appropriate.  Therefore, the court finds this case presents such an exceptional circumstance that the credit-as-true test should be applied. Therefore, the record directs a finding that Dillon is disabled and directs an award of benefits.

**V.     CONCLUSION**

Based on the foregoing, **IT IS THEREFORE ORDERED** that Dillon's motion for remand for an award of benefits (ECF No. 17) is **GRANTED**, and the Commissioner's cross-motion to remand for further proceedings (ECF No. 21) is **DENIED**;

**IT IS FURTHER ORDERED** that this case be **REMANDED** for an award of benefits; and,

**IT IS FURTHER ORDERED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: March 24, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**