Cyrus Safa
Attorney at Law: 13241
Law Offices of Lawrence D. Rohlfing
12631 East Imperial Highway, Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: rohlfing.office@rohlfinglaw.com

Leonard Stone
Attorney at Law: 5791
Shook & Stone, Chtd.
710 South 4th Street
Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax: (702) 384-0394
E-mail: LMoreno@shookandstone.com

Attorneys for Plaintiff
Shaun R. Dillon

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAUN R. DILLON,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 3:20-cv-00294-CLB<br><br>STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

TO THE HONORABLE CARLA BALDWIN, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Shaun R. Dillon be awarded attorney fees and expenses in the amount of three thousand nine hundred

-1-

fourteen dollars ($3,914.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Shaun R. Dillon, the government will consider the matter of Shaun R. Dillon's assignment of EAJA fees to Law Offices of Lawrence D. Rohlfing. The retainer agreement containing the assignment is attached as exhibit 1. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Shaun R. Dillon, but if the Department of the Treasury determines that Shaun R. Dillon does not owe a federal debt, then the government shall cause the payment of fees and expenses to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by Shaun R. Dillon.[1] Any payments made shall be delivered to Lawrence D. Rohlfing.

This stipulation constitutes a compromise settlement of Shaun R. Dillon's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Shaun

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

R. Dillon and/or Lawrence D. Rohlfing including Law Offices of Lawrence D. Rohlfing may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Cyrus Safa and/or the Law Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: May 19, 2021        Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING

BY: /s/ *Lawrence D. Rohlfing*
Lawrence D. Rohlfing
Attorney for plaintiff Shaun R. Dillon

DATE: May 19, 2021        CHRISTOPHER CHIOU
Acting United States Attorney

/s/ *Allison J. Cheung*

ALLISON J. CHEUNG
Special Assistant United States Attorney
Attorneys for Defendant ANDREW SAUL,
Commissioner of Social Security
(Per e-mail authorization)

IT IS SO ORDERED:

DATE:  May 21, 2021

THE HONORABLE CARLA BALDWIN
UNITED STATES MAGISTRATE JUDGE

-3-

1 **PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am employed in the county of Los Angeles, State of California. I am over
4 the age of 18 and not a party to the within action. My business address is 12631
5 East Imperial Highway, Suite C-115, Santa Fe Springs, California 90670.

6      On this day of May 20, 2021, I served the foregoing document described as
7 STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES
8 AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT,
9 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the
10 interested parties in this action by placing a true copy thereof enclosed in a sealed
11 envelope addressed as follows:

12 Mr. Shaun R. Dillon
65 Buttercup Circle
13 Sun Valley, NV 89433

14      I caused such envelope with postage thereon fully prepaid to be placed in the
15 United States mail at Santa Fe Springs, California.

16      I declare under penalty of perjury under the laws of the State of California
17 that the above is true and correct.

18      I declare that I am employed in the office of a member of this court at whose
19 direction the service was made.

20
Cyrus Safa                             /s/ Cyrus Safa
21 TYPE OR PRINT NAME                       SIGNATURE

# CERTIFICATE OF SERVICE
# FOR CASE NUMBER 3:20-CV-00294-CLB

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for this court by using the CM/ECF system on May 20, 2021.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, except the plaintiff served herewith by mail.

*/s/ Cyrus Safa*

_____

Cyrus Safa
Attorneys for Plaintiff

# SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on September 1, 2018, by and between the Law Offices of Lawrence D. Rohlfing referred to as attorney and **Mr. Shaun R. Dillon**, S.S.N. 0784, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing to represent Claimant as Mr. Shaun R. Dillon's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is currently $6,000.00**, whichever is **smaller**, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to prior or referring attorneys or bar referral service.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.

It is so agreed.

_____  _____
Mr. Shaun R. Dillon          Law Offices of Lawrence D. Rohlfing