UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAUN ROY DILLON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>　　　　　　　Defendant. | Case No. 3:20-CV-00294-CLB<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.SC. § 406(b)**<br><br>[ECF Nos. 28, 31] |

　　　　This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Shaun Dillon's ("Dillon") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. In this case, Dillon was represented by counsel, Cyrus Safa of the Law Offices of Lawrence D. Rohlfing. Dillon entered a contingent fee agreement with his counsel, which entitled counsel to an award of fees of up to 25% of any award of benefits received by Dillon. (ECF No. 26-1.) On March 24, 2021, this Court granted Dillon's motion for reversal of the Commissioner's underlying decision and granted Dillon's request for an award of benefits. (ECF No. 24 at 9.) Thereafter, the parties previously stipulated that Dillon receive an award of $3,914.00 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), which the Court granted. (ECF Nos. 26, 27.) Ultimately, the Commissioner awarded Dillon $141,879.00 in retroactive benefits. (ECF No. 28 at 7.)

　　　　Currently pending before the Court is Dillon's motion for attorney fees pursuant to 42 U.S.C. § 406(b) and the amendment thereto. (ECF Nos. 28, 31.) Pursuant to the parties' contingency fee agreement, Dillon requests the Court award attorneys' fees in the amount of $20,400 pursuant to 42 U.S.C. § 406(b) to his counsel, which is equal to approximately 14.4% of the total benefit award. The Commissioner did not oppose the motion but did file a response to assist the Court in ruling on Dillon's Motion. (ECF No.

30.) On January 19, 2022, the Court held a hearing on the motion and received remarks from both parties on the proper analysis for the fees requested in this particular case. Having reviewed the papers and considered the oral arguments provided by the parties, the Court finds that the fees requested of $20,400 are reasonable pursuant to Section 406(b) and therefore grants Dillon's motion for an award of fees in the amount of $20,400.

Specifically, in analyzing the reasonableness of the fees requested, the Court must apply the analysis and legal framework set forth in *Gisbrecht v. Barnhard*, 535 U.S. 789 (2002) and *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). Based on these legal authorities, in assessing the reasonableness of a request for fees pursuant to 42 U.S.C. § 406(b), the Court must first look to the fee agreement and then test it for reasonableness by examining "whether the amount need be reduced." *Crawford*, 586 F.3d at 1149. The Court may reduce fees if there is a finding of substandard performance by counsel, if there is evidence that counsel caused unnecessary delay, or if the Court finds that the amount of benefits awarded is not in proportion to the time spent on the case. *Id*. at 1151.

In this instance, the Court expressly finds that Dillon's counsel's performance in this case was not substandard. To the contrary, Dillon's counsel successfully argued for a reversal of the Commissioner's underlying decisions and for an award of benefits. In addition, there is no evidence that Dillon's counsel delayed this case in any way. Finally, the Court finds that the benefits received are in proportion to the fees requested.

In this instance, the fees requested are only equal to 14.4% of the benefit awarded to Dillon, which is far lower than the 25% agreed upon in the contingency fee agreement. In addition, Dillon's counsel has provided supporting evidence to establish that he and his office conducted 40.34 hours of work on this case and therefore the effective billing rate is equal to approximately $506 per hour. (*See* ECF No. 28-3; ECF No. 29.) Although the billing rate alone is not controlling with respect to the determination of reasonableness in this instance, the Court may utilize this calculation as an aid in assessing the reasonableness of the fee. *Crawford*, 586 F.3d at 1151. In considering these factors and based on the Court's own familiarity with this case, the prior briefing, and the performance

of counsel, the Court finds that the request of fees in the amount of $20,400 is reasonable pursuant to 42 U.S.C. § 406(b).

However, as noted above, Dillon previously received fees in the amount of $3,914.00 pursuant to EAJA. The Court finds that Dillon's counsel must refund this amount to his client from the fee awarded in this case. *Gisbrecht*, 535 U.S. at 796.

Therefore,

**IT IS HEREBY ORDERED** that the motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), (ECF Nos. 28, 31), is **GRANTED**;

**IT IS FURTHER ORDERED** that the amount of $20,400 be paid to attorney Cyrus Safa and the Law Firm Lawrence D. Rohlfing for attorneys' fees; and,

**IT IS FURTHER ORDERED** that attorney Cyrus Safa and the Law Firm Lawrence D. Rohlfing shall refund Plaintiff Shaun Dillon $3,914.00 in the amount of previously received attorneys' fees pursuant to EAJA in this case.

**IT IS SO ORDERED.**

**DATED**: January 19, 2022.

**UNITED STATES MAGISTRATE JUDGE**